**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 07 2011

_____
Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. **10-36730** |
| | ) | |
| **Kamisha L. Ross** | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**ORDER**

The court received a letter directly from Debtor dated January 11, 2011. In her letter, Debtor asks for a return of the fees paid to her lawyer, Donald R. Harris, who withdrew from further representation of her pursuant to an order of the court entered on January 13, 2011, after a hearing held on January 11, 2011. The court docketed Debtor's letter as a motion for review and disgorgement of her lawyer's fees. [Doc. # 18]. The court set the motion for hearing. *See* 11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017.

The court held the hearing on February 3, 2011. Debtor appeared in person at the hearing, as did her former lawyer, Mr. Harris. Both Debtor and Mr. Harris testified at the hearing, and Mr. Harris submitted documents to the court including his written fee agreement with Debtor.

There are some conflicts between the testimony of the parties regarding certain events in the course of Harris's engagement as counsel for Debtor. This decision represents the court's findings of fact based on the conflicting testimony of the parties. Regardless, however, there is no dispute that counsel did not appear at the scheduled meeting of creditors to represent Debtor. Debtor did, not having been advised in advance that Mr. Harris would not attend. Counsel testified both that he had a trial in Cleveland and that

he had to take a loved one to Cleveland for cancer treatment, either situation requiring and allowing for advance notice to Debtor or an effort to get the meeting rescheduled before Debtor traveled all the way to Toledo. And while counsel testified that he had made arrangements with another lawyer to appear with Debtor at the meeting, and that lawyer had an emergency, that arrangement was not disclosed to or approved by Debtor in advance of her trip to Toledo and it appears to have involved undisclosed fee sharing. *See* Bankruptcy Rule 2016(b). (Counsel's Rule 2016 compensation disclosure statement and the fee agreement both state that he has not agreed to share the agreed upon fee with any other person not a member or associate of his firm).

Debtor, a 27 year old college student seeking a nursing degree who also works at a gas station, and who the court characterizes as an unsophisticated consumer debtor insofar as her financial and legal affairs are concerned, was left that day without counsel at the most critical stage of her case involving testimony under oath before the Chapter 7 Trustee. She was left with the unacceptable Hobson's choice of having the meeting of creditors continued, requiring her to travel back to Toledo from Sandusky at the likely expense of work or school or both, or going ahead unrepresented at a critical legal hearing about which she knew next to nothing. Under the circumstances, Debtor was not in a position to make an informed decision, there being no evidence that counsel met with Debtor in advance to explain the bankruptcy process, review her filing papers with her and address what would occur at and prepare her for the meeting of creditors. And while Debtor has received the discharge that was the ultimate goal of this proceeding, counsel's absence from the most critical hearing in Debtor's case and his lack of timely and effective communication with her in addressing that and other issues, caused her unnecessary and unacceptable difficulty and distress in the administration of her case. In short, she did not get what she paid for as further evidenced by the fee agreement, which states that "Mr. Harris and his staff agrees to do the work necessary to complete the case, and represent me/us at the 341 Hearing." What she got was typing and filing of the petition and related paperwork by Counsel's office staff. In this district, petition preparers are allowed a maximum fee of $125 for such services.

As a result of these problems, the $599 fee charged by counsel to Debtor exceeded the reasonable value of the services rendered. *See* 11 U.S.C. § 329; Fed. R. Bankr. P. 2017 (b) Since counsel prepared and filed the Chapter 7 case paperwork on Debtor's behalf as agreed, and Debtor received her discharge, the court finds that disgorgement of the entire $599 fee and of the filing fee for the case is not appropriate. The parties also agree that Mr. Harris had already repaid Debtor $50. However, an additional $424 of the $599 fee paid by Debtor shall be disgorged under the authority of § 329(b) as exceeding the reasonable value of

the services rendered based on the foregoing problems with the engagement. This amount was calculated as $599 less the $50 already refunded to Debtor and less the $125 amount allowed for petition preparation in this district.

For good cause shown,

**IT IS THEREFORE ORDERED** that Debtor's motion [Doc. # 18] is **GRANTED** in part; and

**IT IS FURTHER ORDERED** that the Debtor's Attorney Donald R. Harris shall repay to Debtor the total sum of $424.00 on or before **30 days from the date of this order**; and

**IT IS FURTHER ORDERED** that Counsel shall file evidence of compliance with this order and of repayment of $424.000 to Debtor **on or before 35 days from the date of this order.**

3